# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### CIVIL ACTION NO.: 3:20-cv-00447

| | |
|---|---|
| LARRY BISHOP, | |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| TRP CONSTRUCTION GROUP, LLC, | |
| Defendant. | |

Plaintiff, Larry Bishop ("Plaintiff" or "Bishop"), by and through counsel, brings this action against Defendant TRP Construction Group, LLC ("TRP" "Defendant") for violations of the Families First Coronavirus Response Act ("FFCRA"), Pub.L. No. 116-127, 134 Stat. 178 (2020).

## THE PARTIES

1. Bishop is an adult individual who is a resident of Lugoff, South Carolina.

2. Defendant TRP is a foreign domestic corporation registered and in good standing in the State of North Carolina.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 over the subject matter of the claims brought under the FFCRA for unlawful interference and retaliation.

4. This Court has personal jurisdiction because Defendant operates a regional office located at 11531 McCord Road in Huntersville, North Carolina and Defendant conducts business in Mecklenburg County, North Carolina, which is located within this judicial district.

5. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Mecklenburg County.

## COVERAGE ALLEGATIONS

6. Defendant employed less than 500 employees at all relevant times and is subject to the FFCRA, which is comprised of the Emergency Paid Sick Leave Act ("EPSLA") and the Emergency Family and Medical Leave Expansion Act ("EFMLEA").

## PLAINTIFF'S FACTUAL ALLEGATIONS

7. Plaintiff began his employment with Defendant on or about March 16, 2020 as the North Carolina Division Pavement Marking Foreman in Huntersville, North Carolina.

8. At all times Plaintiff met or exceeded Defendant's legitimate employment expectations.

9. On April 4, 2020, Plaintiff's spouse began experiencing symptoms consistent with COVID-19.

10. On April 5, 2020, Plaintiff transported his wife to the emergency room at KershawHealth in Camden, South Carolina. A KershawHealth representative turned them away at the door because KershawHealth was not yet testing individuals for COVID-19. Plaintiff and his wife were instructed to self-quarantine for 14-days and told that COVID-19 testing was available at Sandhills Medical Foundation in Camden, South Carolina.

11. On or about April 6, 2020, prior to the start of his scheduled workshift, Plaintiff notified his supervisor, Caleb Elkins ("Elkins"), via telephone that he was not reporting to work that day because his wife was experiencing symptoms of COVID-19.

12. On April 7, 2020, Elkins contacted Plaintiff via text message and requested additional information about Plaintiff's potential exposure to COVID-19.

13. Plaintiff informed Elkins that a medical provider advised Plaintiff and his wife to self-quarantine for 14 days. Plaintiff also notified Elkins that he needed to care for his children because his wife was exhibiting COVID-19 symptoms

14. Plaintiff and his wife have 4 children under the age of 18. Plaintiff's eldest child is seven years-old and is enrolled in an elementary school that was closed due to COVID-19.

15. On April 8, 2020, Defendant notified Plaintiff that his employment was terminated.

16. Defendant unlawfully retaliated against Plaintiff for utilizing protected leave under the FFCRA by terminating his employment.

17. Defendant interefered with Plaintiff's right to utilize the leave provided by the FFCRA.

18. Defendant violated the FFCRA by failing to permit Plaintiff the leave provided under the FFCRA and by failing to reinstate him to an equivalent position.

19. Defendant violated the FFCRA by failing to pay the compensation owed to Plaintiff under the FFCRA.

20. Defendants' actions were intentional, willful, and reckless.

### Plaintiff's First Cause of Action

### (Violation of FFCRA - Interference)

21. Plaintiff incorporates by reference paragraphs 1 through 20 of his Complaint.

22. Plaintiff's First Cause of Action arises from Defendant's interference with Plaintiff's rights under the FFCRA.

23. Defendant interfered with Plaintiff's rights under the FFCRA.

24. Defendants' actions were intentional, willful and/or taken with reckless disregard of Plaintiff's rights under the FFCRA.

25. Plaintiff suffered damages as a result of Defendants' unlawful conduct.

### Plaintiff's Second Cause of Action

### (Violation of FFCRA – Retaliation)

26. Plaintiff incorporates by reference paragraphs 1 through 25 of his Complaint.

27. Plaintiff's Second Cause of Action arises from Defendant's unlawful termination of Plaintiff's employment. Defendant retaliated against Plaintiff asserting his rights under the FFCRA.

28. Defendants' actions were intentional, willful and/or taken with reckless disregard of Plaintiff's rights under the FFCRA.

29. Plaintiff suffered damages as a result of Defendant's unlawful conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a) An Order pursuant to the FFCRA that Defendant reinstate Plaintiff to the position he held prior to the termination of his employment or to a comparable position with full seniority, benefits and wages, or pay front pay to Plaintiff in lieu thereof;

b)        An Order pursuant to the FFCRA that Defendants pay Plaintiff all lost wages, benefits, compensation, and monetary loss suffered because of Defendant's unlawful actions;

c)        An Order Pursuant to the FFCRA that Defendant pay Plaintiff liquidated damages;

d)        Order pursuant to the FFCRA ordering Defendant to pay Plaintiff all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

e)        Order Defendant to pay to Plaintiff pre- and post-judgment interest on all sums recoverable; and

f)        Order Defendant to provide Plaintiff with all other legal and/or equitable relief to which he is entitled.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

/s/ Jason S. Chestnut
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis, NCSB #48582
Jason S. Chestnut NCSB #52066

GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone:    (704) 612-0038

E-Mail:  phil@gibbonsleis.com
            craig@gibbonsleis.com
            jason@gibbonsleis.com